UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:26-CV-00021-GNS

DANIEL MORGAN et al.                                                                              PLAINTIFFS

v.

JOEL R. HAMMACK et al.                                                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (DN 20).  The motion is ripe for adjudication.

### I.        BACKGROUND

On December 21, 2024, Plaintiff Townya Ritzie ("Ritzie") was driving a Kia Sorento on Highway 55 in Adair County, Kentucky, with passenger Susan Morgan and the women's minor grandchildren—W.M., R.R, and R.M (collectively, "Plaintiffs").  (Am. Compl. ¶ 22, DN 1-1). Defendant Joel Hammack ("Hammack") was driving a Ford F-150 truck behind Plaintiffs.  (Am. Compl. ¶ 23).  Hammack's truck struck the back of Ritzie's car, pushing it off the roadway and into a rock wall.  (Am. Compl. ¶ 23).  The collision severely injured the occupants of the car and killed R.M.  (Am. Compl. ¶ 23).

Hammack was arrested and charged with speeding, driving under the influence, first- and second-degree assault, and vehicular homicide.  (Pls.' Mot. Remand 2, DN 20).  At the time of the collision, Hammack was driving his friend, Walter Nichols ("Nichols"), from Nichols' home in Columbia, Kentucky, to Nichols' niece's home in Sparta, Tennessee.  (Pls.' Mot. Remand 2). Hammack was driving a car registered and owned by his father, who lives in Crossville, Tennessee.  (Am. Compl. ¶ 23).

1

Plaintiffs filed a suit in Adair Circuit Court (Kentucky) against Hammack, Harlan Hammack, Liberty Mutual Personal Insurance Company, Nichols, Kia Corporation, and Kia America, Inc. Kia America, Inc., filed a notice of removal based on diversity of citizenship. (Notice Removal, DN 1). Plaintiffs then moved to remand the matter to state court. (Pls.' Mot. Remand 1).

## II.    STANDARD OF REVIEW

A motion to remand is proper when there is not complete diversity of citizenship. 28 U.S.C. §§ 1332(a), (a)(1). Citizenship determinations must be made based on the state of things at the time the action commenced. 28 U.S.C. § 1332. "All doubts [should be] resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

A defendant may remove an action from state court to federal court when the plaintiff could have brought the action in federal court originally. 28 U.S.C. § 1441(a). Unlike state trial courts, federal district courts are courts of limited jurisdiction; they hold only that power authorized by the U.S. Constitution and statute. *See Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). Under 28 U.S.C. § 1332(a)(1), district courts have "diversity jurisdiction" over civil cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citation omitted). Federal jurisdiction in a diversity case is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The removing defendant bears the burden of establishing the diversity jurisdiction requirements by a preponderance of the evidence. *Chapman v. Houston Welfare Rts. Org.*, 441 U.S. 600, 612 n.28 (1979) (citations omitted); *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th

Cir. 2007).  "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."  *Eastman*, 438 F.3d at 549-50 (alteration in original) (internal quotation marks omitted) (citation omitted).

### III.    DISCUSSION

Plaintiffs seek to remand this matter based on procedural defects in the removal and an alleged lack of complete diversity.  (Pls.' Mot. Remand 4).  Kia America, Inc., and Kia Corporation (collectively, "Kia Defendants") oppose the motion.  (Defs.' Resp. Pls.' Mot. Remand 1, DN 24).

Under 28 U.S.C. § 1446, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b)(1).  "Promptly after the filing of such notice of removal of a civil action[,] the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ."  28 U.S.C. § 1446(d).  Moreover, "[w]hen a civil action is removed solely under section 1441(a), *all defendants* who have been properly joined and served *must join in or consent* to the removal of the action."  28 U.S.C. § 1446(b)(2)(A) (emphasis added).  Therefore, under the 28 U.S.C. § 1446 "unanimity requirement," all defendants must consent to removal before a case can be removed to federal court.  *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.").

It is undisputed that Nichols did not affirmatively consent to removal.  (Defs.' Resp. Pls.' Mot. Remand 8-10; Pls.' Mot. Remand 4).  Kia Defendants argue that Nichols is a nominal party to the suit and his consent is therefore unnecessary.  (Defs.' Resp. Pls.' Mot. Remand 8).  While

3

consent to removal need not be obtained from a nominal party, Nichols is not a nominal party. *Johnson v. Love*, No. 0:15-CV-36-DLB, 2015 WL 5138257, at *3 n.3 (E.D. Ky. Aug. 31, 2015) (acknowledging that unanimity is not required where the non-consenting party is a nominal party). A nominal party "is one who has no interest in the result of the suit and need not have been made a party thereto." *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (quoting *Grant Cnty. Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)). Plaintiffs allege that Nichols purchased alcohol for Hammack to drink, participated in its consumption, and interfered in first responders' attempts to aid Plaintiffs and is therefore liable for their injuries. (Am. Compl. ¶¶ 94, 96). Because Nichols could be subject to a judgment in this case, he has an interest in its outcome and therefore is not a nominal party. Accordingly, his consent is required for removal.[1]

Kia Defendants also aver that Nichols has consented by failing to oppose removal. (Defs.' Resp. Pls.' Mot. Remand 10). Failure to oppose a motion for removal does not constitute consent to the removal—an explicit, affirmative act of consent is required. *Richie v. Sermersheim*, No. 4:06-CV-00077-M, 2006 WL 2414540, at *5-8 (W.D. Ky. Aug. 17, 2006). Pursuant to 28 U.S.C. § 1446, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Sixth Circuit has held that this requirement is satisfied if the defendants "(1) join in the removal, (2) file a written consent to removal, or (3)

---

[1] Kia Defendants further argue that because Nichols has not yet appeared in this matter, his consent is not necessary for removal. (Defs.' Resp. Pls.' Mot. Remand 9). To support this contention, Kia Defendants cite to a non-controlling case that found that a defendant's consent was not necessary because the removing defendants had "exhausted all reasonable efforts to obtain his consent." *Kralj v. Byers*, No. 4:06-CV-368, 2006 WL 8449912, at *3 (N.D. Ohio Apr. 5, 2006) (citation omitted). Even if the Court were to find this authority persuasive, Kia Defendants have not shown that they have exhausted all reasonable efforts to obtain Nichols's consent for removal.

oppose a motion to remand." *Wilmington Sav. Fund Soc'y, FSB v. Jackson*, No. 3:16-CV-00627-CRS, 2017 WL , at *1 (W.D. Ky. Feb. 24, 2017) (quoting *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010)). None of these options apply here. Nichols has not joined the removal, filed a written consent to removal, nor opposed the motion to remand. His silence does not signal consent, especially given the Sixth Circuit's strong preference for explicit consent. *Loftis*, 342 F.3d at 516. Therefore, Nichols's silence does not signal his consent and Plaintiffs' motion is granted.

The Court need not reach the issue of diversity because the Kia Defendants' removal was procedurally improper.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (DN 20) is **GRANTED**, and this case is **REMANDED** to Adair Circuit Court. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
August 11, 2026

cc:    counsel of record
Clerk, Adair Circuit Court (Civil Action No. 25-CI-00131)